VIRGILIO PÉREZ ET AL., Plaintiffs and Appellants, v. ANTONIO J. CASANOVA, Defendant and Appellee.

No. 4822. Argued February 18, 1930.—Decided July 15, 1930.

R. *Atiles Moreu* and *Guillermo S. Pierluissi* for appellants. *Sergio León Lugo* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an action for damages for malicious prosecution. The trial rendered a judgment in favor of the defendant, but

without special imposition of costs on the plaintiffs. The latter thereupon took the present appeal and have assigned in their brief two errors, which they claim that court committed in holding that the plaintiffs failed to prove that the defendant had acted maliciously and without probable cause; and in weighing the evidence, especially by failing to apply the doctrine laid down in *Boyer* v. *Municipal Assembly,* 34 P.R.R. 19.

Both the complaint and the answer are lengthy. A brief as well as adequate knowledge of the case may be obtained from the following excerpts, taken from the statement of the case and opinion filed by the trial judge:

"That on June 17, 1925, in Juana Díaz, plaintiff Francisco Orengo González, acting as agent for co-plaintiff Virgilio Pérez, signed a contract with the defendant Antonio J. Casanova, for the enlargement of a photograph of his father ("Exhibit 1" for plaintiffs), whereby the plaintiffs undertook to deliver the said enlargement within ninety days, the work to be done to the satisfaction of the defendant; that it was only after six months had elapsed and on request of the defendant that the plaintiffs sent to him the enlargement of his father's photograph, which he refused to accept because there was no likeness; that thereupon the defendant and plaintiff, Orengo, agreed to rescind the contract and that the plaintiffs would make a new enlargement, and for that purpose the defendant delivered to him another small photograph of his father; that both the execution of the original contract and the delivery of the enlargement took place in the presence of attorney Félix Luis Padilla, who resides and practices his profession in Juana Díaz; that as several months had elapsed without the plaintiffs having delivered to the defendant either the new enlargement or the original photographs, notwithstanding the various calls made by the defendant on plaintiff Virgilio Pérez, who told him that the enlargement was being made in the United States, the defendant consulted his attorney, Félix Luis Padilla, to whom he disclosed all the facts in the case and who was already personally acquainted with some of those facts, and acting on the advice of the said attorney he swore and filed a complaint for false pretenses in the Municipal Court of Juana Díaz against the plaintiffs herein; that he took such action on the advice of counsel, as a means of obtaining from the defendants the return of the two original photographs of his father, the only ones he had, and

that he was not moved by any desire to injure the plaintiffs; that after several settings and continuances ordered by the Municipal Court of Juana Díaz on motion of the plaintiffs, a trial of the case was had at which the then complainant was unable to appear on account of illness, and that for lack of evidence the then defendants, plaintiffs herein, were acquitted of the offense charged.

"In accordance with the above facts, the court holds that the plaintiffs have failed to prove one of the indispensable elements in all actions for malicious prosecution. In this class of actions there are four essential elements, to wit:

"1. That the plaintiff has been prosecuted by the defendant.

"2. That the prosecution ended favorably to the plaintiff.

"3. That it was instituted maliciously and without probable cause.

"4. That the plaintiff sustained damages thereby.

(Parés v. Ruiz, 19 P.R.R. 323, 327.)

"It is the opinion of the court that the plaintiffs have failed to prove the third of the said elements, namely, that the complaint filed by the defendant against them in the Municipal Court of Juana Díaz was presented maliciously and without probable cause, since, as already stated, the court considers as proved beyond a reasonable doubt that defendant Casanova brought the said charge after having acquainted his attorney Padilla with the details of his dealings with the plaintiffs, and that it was this attorney who, after considering the facts and from his own knowledge of some of them, advised his client that the proper action for him to take was to file a criminal complaint against the plaintiffs. It is a general rule upheld by the American courts and by our Supreme Court, that in actions for malicious prosecution the defendant makes out a complete defense by showing that he submitted to his attorney a statement of the facts concerning the guilt of the accused; that in good faith he received advice to institute the proceedings complained of, and that he did so later in accordance with that advice. See Mariani v. Porto Rican Express Co., 25 P.R.R. 579, in which the doctrine laid down in Torres v. Ramírez, 24 P.R.R. 817, was confirmed as follows (p. 580):

"'The law protects a person against a civil action for malicious prosecution if before making a complaint against another he reports fully and reasonably all the facts to an attorney of good reputation in the active practice of his profession and the attorney in good faith advises the client that he has grounds for causing the arrest of the offending person.'

"The testimony of defendant Casanova and of attorney Padilla, as to the way in which the former reported to the latter the facts of the case and as to the advice received by the defendant, is fully believed by the court. We do not approve the advice given by the said attorney to his client to proceed criminally against plaintiffs; but, as stated in Torres v. Ramírez, supra, the defendant is protected by the bad advice of his counsel."

In their argument under the first assignment of error, which relates to the lack of proof of malicious intent and want of probable cause, the appellants take great pains to show that the present is not a proper case for the application of the defense of having acted on the advice of counsel.

We have carefully considered that argument, the citations made and the peculiar circumstances of the case, and we can perfectly understand the situation of the appellants. One should think twice before instituting a criminal proceeding which carries with it the arrest of a citizen and the holding of a trial, and it can not be admitted that such a proceeding may be used when the only purpose sought is to recover property. The advice of counsel should not be used as a cloak to hide malice in commencing a criminal prosecution, with knowledge that a civil action was the proper remedy. And at times it has seemed to us that nothing but that is what occurred in this case.

However, the conclusion reached by the trial judge commands so much credit in our estimation, and the circumstances surrounding the case are so peculiar—especially the time elapsed after the enlargement of the photograph submitted to the defendant and the attitude taken by the plaintiffs from that time on—that it might well be thought that the defendant believed in good faith that he had been defrauded and that such a deprivation of two tokens of remembrance, which had great sentimental value for him, transcended the sphere of civil proceedings and became a punishable offense; the more so since he was so advised by

an attorney who knew the facts, whom he trusted and had seen for several years filling the office of municipal judge.

All this leads us to accept as proper and fair the conclusion reached by the trial judge.

The second error relates to the weighing of the evidence, especially in the light of the doctrine announced in *Boyer v. Municipal Assembly, supra*.

The allegations of the complaint claimed to have been admitted by the answer are reviewed by the appellants.

Technically, perhaps, the appellants are right to a certain extent; but it appearing that the objection has been raised for the first time on appeal, that a judgment on the pleadings was not timely moved for, that an analysis of the answer as a whole shows the clear and final position of the defendant such as it was considered not only by the court but by the plaintiffs themselves, who submitted evidence regarding all the facts alleged in the complaint, we think that the contentions of the appellants are not well founded and that the second and last error assigned has not been committed.

As to the weighing of the evidence in general, it will suffice to state that the conclusions reached by the court are fully justified by the record.